Filed 3/11/25  P. v. Conniry CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NICHOLAS ADAM CONNIRY,<br><br>    Defendant and Appellant. | D084005<br><br><br><br>(Super. Ct. No. SCD299582) |


APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed as modified.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Nicholas Adam Conniry pled guilty to six charges: burglary (Pen. Code, § 459; count 1); possession of an assault weapon (§ 30605, subd. (a); count 2); obtaining the personal identifying information of 10 or more individuals with the intent to defraud (§ 530.5(c)(3); count 3); misdemeanor possession of fentanyl, a controlled substance (Health & Saf. Code, § 11350(a); count 4); attempted manufacture of an assault weapon (Pen. Code, §§ 30600(a), 664;

count 5); and possession of a firearm by the possessor of a controlled substance (Health & Saf. Code, § 11370.1(a); count 6). As to count 1, he further admitted (1) the burglary was of an inhabited dwelling (Pen. Code, § 460(a)); (2) another person, other than an accomplice, was in the residence during the burglary (§ 667.5(c)(21)); and (3) he knew or reasonably should have known the victim was a person 65 years of age or older (§ 667.9(a)).

Appointed appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 indicating counsel found no arguable issues for reversal on appeal. Counsel asks us to review the record for error as *Wende* requires. We offered Conniry the opportunity to file his own brief, but he has not done so.

Based on our independent review of the record, we find no reasonably arguable appellate issues. We modify the judgment to correct (1) discrepancies between the trial court's oral pronouncement and the abstract of judgment and (2) an unauthorized portion of the orally imposed sentence. So modified, we otherwise affirm.

## I.

## A.

In 2023, Conniry was a paramedic in his 40s with no criminal record.

One evening that year, a 90-year-old woman called 9-1-1 to report her husband's medical emergency. Firefighters and paramedics—including Conniry—responded and transported her husband to the hospital.

The following morning, the woman was in her bedroom when she heard a noise. Through her window, she saw a man—Conniry—remove the screen from one of her windows. He tried to open the locked window but replaced the screen when he could not. Conniry then went to a sliding glass door, opened the screen, and tried to open the locked door.

The woman confronted Conniry, who was wearing a paramedic uniform and gloves.  He told her he needed to get some information for his report about her husband, but she refused to let him in her home.  He eventually left.  Less than an hour later, Conniry returned, saying he needed to retrieve an electronic device he had left.  He left at the woman's insistence.

The woman reported the incident to the police.

B.

The next day, Conniry was arrested for attempted burglary.  Officers then obtained and executed several search warrants, including for Conniry's fire station locker, his truck, the homes he shared with his fiancée and estranged wife, and storage units rented in his name.

In Conniry's locker, officers found medical documents containing the personal identifying information of 24 individuals.

In Conniry's truck, they found bottles of fentanyl, other prescription pain medication, firearms, and ammunition.

In the home Conniry shared with his fiancée, officers located six assault weapons, partially milled AR-15 lower receivers, ammunition, and some medication.  While executing a second search warrant, officers found body armor, jigs for making AR-15 style rifles, drill presses, ammunition, and guns and gun parts.

In the home Conniry shared with his estranged wife, officers found assault weapons, firearm parts, tools to manufacture ghost guns, and polymer shavings consistent with milling out lower receivers for guns.

Finally, in the storage units, officers recovered ammunition and medications.

## C.

The information charged Conniry with the six counts recited above and included three allegations relevant to the burglary count.

At the preliminary hearing, the burglary victim and law enforcement detectives testified to the facts already detailed. The court found sufficient probable cause and bound Conniry over on all six counts.

After unsuccessfully moving to set aside the information, Conniry entered two separate guilty pleas.

The first guilty plea, in December 2023, concerned counts 2 and 5: possession and the attempted manufacture of an assault weapon. Before taking Conniry's plea, the court satisfied itself Conniry was knowingly and voluntarily waiving his constitutional rights. Conniry pled guilty to both counts, and his counsel "join[ed] in the waiver of the rights, the admission, and [that] there's a factual basis."

The second guilty plea, in January 2024, concerned the remaining counts and allegations. The trial court cautioned Conniry, "[D]on't plead to anything unless you in fact are guilty," and was clear "I'm making absolutely no promise" regarding sentencing. After assuring itself Conniry was knowingly and voluntarily waiving his constitutional rights, the court took Conniry's guilty pleas as to each count. Conniry also admitted each of the burglary allegations as well as two allegations in aggravation: (1) he "violated a trust position" and (2) the victim "was particularly v[u]lnerable." Conniry's counsel again joined the waiver, agreed there was a factual basis for the pleas, and indicated the evidence supported the pleas. After Conniry's counsel made a lengthy statement about Conniry's lack of criminal intent, the court reaffirmed Conniry had the requisite intents and was pleading guilty "because [he] in fact [was] guilty and [he] did do it."

4

Several weeks later, Conniry filed an opposed motion to set aside his guilty pleas. His declaration asserted his innocence as to all the charges except possession of an assault weapon. Conniry claimed he was under pressure because he was "beaten up" in jail and was fearful of it happening again. The court denied the motion after concluding Conniry failed to carry his burden of showing by clear and convincing evidence that the pleas should be set aside.

D.

Conniry filed a statement of mitigation arguing he should be sentenced to probation. Probation recommended an aggregate prison term of eight years, four months. The People sought a sentence of five years, four months.

After hearing from the victim's son, several of Conniry's family members and friends, Conniry himself, and counsel for both sides, the court denied probation, finding Conniry failed to overcome the presumption of ineligibility.

Conniry was given credit for time served on count 4 and the fine was "considered to have been paid by the time in custody."

The court selected count 1, the burglary, as the principal count. It concluded there were "a lot of reasons to choose the mitigating term" and imposed the low term of two years in prison. The court exercised its discretion to impose the one-year consecutive term on the elderly victim allegation.

The court concluded section 654—which prohibits a defendant from being punished more than once for the same act or omission—applied to counts 2 and 5. It imposed a one-year prison sentence—one-third the midterm of three years—on count 5 and stayed a two-year midterm sentence

5

on count 2. The court ran the sentence for count 5 consecutive to the sentence for count 1 because "these are completely different charges on different dates with different motives."

The court imposed one-third of the midterm sentences on count 3 (eight months) and count 6 (one year). It ran those sentences concurrent to that of count 1.

The court imposed a $6,000 restitution fine under section 1202.4(b) and "the other[ ]" fines and fees contained in the probation report. It awarded credits per the probation report and reserved restitution. It also issued a criminal protective order imposing 10-year stay-away and no-contact orders to protect the victim.

## II.

Conniry's counsel filed a *Wende* brief setting forth a statement of the case and facts, urging no grounds for reversal, and asking us to independently review the record for error. To assist our review under *Anders*, 386 U.S. at pp. 744-745, counsel identified the following issues:

(1) Was there sufficient evidence presented at the preliminary hearing to support the counts to which Conniry pled guilty?

(2) Did the trial court abuse its discretion in denying Conniry's motion to withdraw his guilty pleas prior to sentencing?

(3) Were Conniry's pleas constitutionally valid?

(4) Did the court give proper reasons for imposing consecutive terms?

(5) Did the court abuse its discretion in denying probation?

(6) Was there a sufficient factual basis for the pleas?

(7) Was Conniry's attorney ineffective?

We reviewed the entire record as required by *Wende* and *Anders* and discovered no arguable issues for reversal on appeal. Competent counsel has represented Conniry on this appeal.

We note, however, several discrepancies between the court's oral pronouncement and the abstract of judgment. The oral pronouncement controls, so we modify the abstract of judgment to match. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185, 188.)

We further note—and exercise our inherent authority to correct (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1198), given the clarity of the record as to the court's intent—the unauthorized portion of the orally imposed sentence. Concurrent, as opposed to consecutive, terms are not subject to section 1170.1(a)'s one-third-the-midterm rule and instead are "imposed at the full base term." (*People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3.) We thus modify the concurrent sentences imposed on counts 3 and 6 to the full midterm of two and three years, respectively.

III.

We modify the judgment to reflect the orally imposed (1) concurrent rather than stayed sentence on count 3 and (2) midterm sentence on count 6. We also modify the judgment to the extent it contained unauthorized sentences to reflect: (1) as to count 3, a concurrent two-year sentence; and (2) as to count 6, a concurrent three-year sentence. We direct the trial court to prepare and forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, we affirm.

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.